IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC., <br> 2020 Pennsylvania Avenue, NW, #163 <br> Washington, DC 20006 <br><br> Plaintiff, <br> v. <br><br> U.S. DEPARTMENT OF STATE <br> 2201 C Street, NW <br> Washington, DC 20301 <br><br> Defendant. | Civil Action No.  1:18-cv-00592 |

## COMPLAINT

1. Plaintiff, The Protect Democracy Project, Inc. ("Protect Democracy"), brings this action against Defendant, the U.S. Department of State (the "Department" or the "State Department") to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff alleges as follows.

2. The United States adopted a civil service system as a response to widespread corruption, in which political parties would dole out government jobs as partisan spoils. The prior system often resulted in appointees performing tasks for which they were not qualified and doing whatever the local party "boss" demanded, even if it was not in the public interest. Today, civil servants are nonpartisan experts who do not serve at the pleasure of the President. They provide continuity, expertise, and institutional knowledge across Presidential transitions. They serve our country, not any one party. Their service often entails considerable personal sacrifice, as many federal employees work harder and earn less than they might in the private sector. They take an oath to uphold the Constitution and are protected by various laws from being made to do things in violation of that oath.

3. Sahar Nowrouzzadeh is a civil servant in the State Department. She joined the Department in 2005 and has worked for administrations of both parties. During her time in the federal government, she has served as an expert on Iran in both the State Department and on the National Security Council. By all accounts, she has been an exemplary federal employee. As is required and expected of career civil servants, she has provided faithful service to the United States during each administration in which she has worked, regardless of political affiliation.

4. Nonetheless, Ms. Nowrouzzadeh and other civil servants have been falsely portrayed by certain media outlets as disloyal agents of a "deep state" who must be purged from government service. Even more disturbing, the Trump administration appears to have been receptive to these baseless attacks on civil servants.

5. Ms. Nowrouzzadeh herself was reassigned within the State Department, apparently in response to such attacks. According to recent reports, shortly before she was reassigned, State Department, White House officials, and others (including former Speaker of the House Newt Gingrich) exchanged emails about Ms. Nowrouzzadeh that contained misleading information and discussed how she could be purged from the Department and how the Department could be "clean[sed]" of others who were perceived as not sufficiently loyal to the President.

6. Ms. Nowrouzzadeh's case is not the only example of this administration undermining civil servants for a perceived lack of ideological purity or partisan loyalty. For example, in December 2016, it was reported that the Trump transition team was working to identify civil servants at the Department of Energy who had worked on certain disfavored projects—i.e. related to climate change—during the prior administration. A month later, then-White House Press Secretary Sean Spicer suggested that hundreds of State Department

employees who had signed a dissent cable opposing the Administration's travel ban on majority-Muslim nations should "either get with the program or go," even though the State Department has legally sanctioned the use of such cables as the proper means for employees to register disagreement.  Secretary of the Interior Ryan Zinke has claimed that nearly a third of the staff in his agency are not loyal to the Trump administration and has promised (or threatened) "huge" changes.

7. Such actions to target civil servants are not only inconsistent with civil service laws; they are also profoundly anti-democratic.  Civil servants who are beholden to the Constitution and the law, rather than to a particular party or President, help ensure that government functions are performed in the public interest and that the work of government is not being politicized to benefit only one party. Civil servants also serve as an important bulwark against autocracy.  Would-be autocrats often target civil servants in order to consolidate their own power.  For example, one of the first steps that Turkish President Recep Tayyip Erdoğan took to consolidate power and move towards autocracy was to fire tens of thousands of civil servants.  Civil service purges have also been a feature of recent democratic decline in Thailand, Poland, Hungary, and elsewhere.  Experience shows that attacks on the civil service are a red flag for the health of a democracy.

8. The public has an important right to know whether the Administration is following that authoritarian playbook in violation of U.S. civil service laws.  Accordingly, Plaintiff Protect Democracy seeks to compel the release of documents detailing any communications between the White House and the State Department regarding the actions taken against Ms. Nowrouzzadeh and other civil servants.

3

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11. Plaintiff Protect Democracy is an organization with 501(c)(3) status, incorporated under the laws of the District of Columbia, and headquartered at 2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006.  Plaintiff's mission is to protect American society from descending into a more autocratic form of government by preventing those in power from depriving Americans of a free, fair, and fully-informed opportunity to exercise their ultimate sovereignty.

12. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA.  Plaintiff intends to give the public access to documents obtained via FOIA on its website, www.protectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

13. Defendant U.S. Department of State is an agency of the executive branch of the federal government of the United States.  Defendant is headquartered at 2201 C Street, NW, Washington, DC 20301.  Defendant has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request.

**STATEMENT OF FACTS**

14. On April 23, 2017, Plaintiff sent a FOIA request to Defendant seeking the following records:

(1) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Executive Office of the President and the Department of State referencing Sahar Nowrouzzadeh.

(2) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Executive Office of the President and the Department of State referencing the termination or reassignment of any State Department employee or official.

(3) All records, including but not limited to emails, notes, and memoranda, to, from, between, or within the Office of the Secretary, Office of the Deputy Secretary, Office of the Under Secretary for Management, Office of Policy Planning, Bureau of Public Affairs, Bureau of Legislative Affairs, or Office of the Legal Advisor referencing, discussing, or otherwise relating to the reassignment of Sahar Nowrouzzadeh from the policy planning staff or the Office of Policy Planning.

(4) All records, including but not limited to emails, notes, and memoranda, referencing the article authored by Penny Starr, entitled "Staffer Who Helped Broker Iran Nuclear Deal Still Working at Trump State Department," published on *Breitbart.com* on March 23, 2017.

(5) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to correspondence between the Department of State and Peggy Starr of *Breitbart*.

(6) All records, including but not limited to emails, notes, and memoranda, to, from, between, or among the following employees referencing, discussing, or otherwise relating to Sahar Nowrouzzadeh:
   a. Michael Dougherty
   b. Charles Glazer
   c. Julia Haller
   d. Christina Perrone
   e. Pamela Pryor
   f. Robert Wasinger
   g. Katheryn Wellner
   h. John Eanes
   i. Matthew Mowers
   j. Margaret Peterlin

5

 (7) In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

*See* Exhibit A (FOIA request).

 15. Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exhibit A.

 16. Plaintiff received a letter from Defendant dated May 5, 2017, acknowledging receipt of the request on April 24, 2017, assigning it a control number, and granting the request for a fee waiver. *See* Exhibit B (Response to FOIA request).

 17. To date, Plaintiff has not received any other correspondence from Defendant regarding the request, nor any documents responsive to the request.

 18. Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request—that is, by May 19, 2017—Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

 19. To date, Defendant has failed to make the required determination and notifications.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

 20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

 21. Defendant is in violation of FOIA by failing to respond to Plaintiff's request

within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

(2) Order Defendant, by a date certain, to demonstrate that it has conducted adequate searches;

(3) Order Defendant, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendant from improperly withholding records responsive to Plaintiff's request;

(5) Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(6) Grant Plaintiff such other relief as the Court deems appropriate.

Date: March 16, 2018

/s/ *Benjamin L. Berwick*
Benjamin L. Berwick (D.D.C. Bar No. MA0004)
 The Protect Democracy Project
 10 Ware Street
 Cambridge, MA 02138
 Email: Ben.Berwick@protectdemocracy.org
 Telephone: (202) 599-0466

Anne Harden Tindall (D.D.C. Bar No. 494607)
 The Protect Democracy Project
 2020 Pennsylvania Avenue, NW, Suite #163
 Washington, DC 20006
 Email: Anne.Tindall@protectdemocracy.org
 Telephone: (202) 599-0466

*Counsel for Plaintiff*